## YALE LOCK MANUF'G CO. *v.* SCOVILL MANUF'G CO.

*(Circuit Court, D. Connecticut. February 15, 1883.)*

PATENTS—VIOLATION OF INJUNCTION.

    The plaintiff's motion for an attachment against the defendant for violation of an injunction restraining the defendant from the infringement of plaintiff's patent, and to compel obedience of the master's order to file an account of the articles which are the subject of the motion for an attachment, and which have been made since the service of the injunction order, denied, on the ground that the article complained of is not an infringement.

*Frederick H. Betts* and *Causten Browne,* for plaintiff.

*Charles R. Ingersoll,* for defendant.

SHIPMAN, J. These are two motions: one for an attachment against the defendant on account of the alleged violation of an injunction order of this court, which restrained the defendant from the infringement of the first and second claims of reissued letters patent, No. 8,783, dated July 1, 1879, for an improvement in post-office boxes; and the other, to compel obedience to an order of the master directing the defendant to file an account of the post-office boxes which are the subject of the motion for an attachment, and which have been made since the service of the injunction order. The opinion of the court upon the final hearing describes the plaintiff's and the defendant's structures which were in controversy, and construes the reissued patent. 18 Blatchf. C. C. 248; [S. C. 3 FED. REP. 288.]

The defendant's new boxes are made as before, except that the top, bottom, and sides of each box are separated from the corre-

sponding parts of adjacent boxes by thin strips of wood, about an eighth of an inch wide, which are not covered by metal. Each box has thus its own metal front, and is disconnected from every other box by an unprotected strip of wood. The metallic covering of any one box does not join the metallic covering of any other box. As in the original infringing boxes, the sides of each box near its front are protected by a metallic casing or flange. At first sight, this new series seems to be an unsubstantial alteration of the infringing boxes, and to be justly liable to the charge of being a fruitless attempt to evade the patent. A more careful examination of the subject has led me to another conclusion.

The first and broadest claim of the reissue is for the combination, substantially as specified, of a series of metallic door-frames and doors with a series of wooden pigeon-holes, whereby a series of post-office boxes with a continuous metallic frontage is formed." The plaintiff's frames are made with such wide flanges that the whole wooden front is covered with a metallic front; or, in the language of the specification, "when all the frames are in place, a continuous metallic frontage, protecting the wood-work, is presented upon the outside of the series of boxes." The defendant's first infringing boxes were a series of separate boxes with metallic door-frames, the flanges of the frames being so wide that a continuous metallic frontage was formed. "A continuous metallic frontage" does not mean a front without cracks or without joints at the edges of each frame, and a wafer of wood which should be inserted at the top or sides of each frame to separate each side from the adjoining frame would be a mere evasion of the patented invention. In the language of the plaintiff's expert, the metallic frontage is to be "practically continuous,—that is, continuous to effect the purpose secured by the continuity of surface described in the patent;" and by a continuous metallic frontage is meant one so practically continuous as to substantially effect the purpose desired to be obtained by continuity.

The question in the case becomes one of fact, and I am of opinion that the defendant's new boxes, as shown in the exhibits, are not practically continuous, and that, were it not for the metallic covering of the sides, the metallic frontage would not cause security, but the wooden partitions or strips of wood would be an element of weakness. The continuity of the metallic frontage is substantially interrupted by the wooden strips which separate the boxes from each other, and if the Yale boxes were separated in the manner of the new Scovill boxes and without the metallic sheathing upon the front part of the

sides of the boxes, the value and security of the Yale box would be seriously impaired. The metallic casing or flange upon the outside of the sides of the Scovill box has an office, viz., that of protection to the wood-work against outside attack, which the metallic ear upon the inside of the Yale box does not have.

The motions are denied.